IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY CULLISON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-5001 |
| | : | |
| SUPERINTENDENT WOLFE et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                            **November 21, 2005**

      Larry Cullison, who is serving a sentence of thirty-five to seventy years incarceration for three counts of robbery and related charges, asks this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on five grounds, four of which were completely and ably addressed in the report of Magistrate Judge Peter B. Scuderi, recommending dismissing the petition. Cullison raises three procedural objections to the Report and Recommendation, which I review *de novo* pursuant to 18 U.S.C. § 636. Finding each without merit, I will adopt the Report and Recommendation of Magistrate Judge Scuderi.

**FACTS**

      Cullison was convicted of robbing a Herr's Potato Chip Distribution Center in Philadelphia on November 23, 1994. Four men, each carrying a gun, entered the factory and forced two employees to lie on the floor and the third to take them to the room in which $50,000 in cash was on a table in a red bag. Cullison and his co-conspirators were arrested after a former conspirator traded information on the Herr's robbery for his freedom on an unrelated charge. A fifth man, an employee of Herr's, was also charged. The employee and one of the robbers pleaded guilty and testified against the other three at trial. After the guilty verdict, Cullison was sentenced on February

24, 1997, to three consecutive terms of ten to twenty years incarceration on the three robbery convictions, five to ten years for conspiracy and five years probation for possession of an instrument of crime.

The Superior Court affirmed Cullison's conviction on direct appeal on March 27, 2000, *Commonwealth v. Cullison*, 757 A.2d 990 (Pa. Super. 2000) (table), and the Pennsylvania Supreme Court denied allocatur on August 16, 2000, *Commonwealth v. Cullison*, 766 A.2d 1243 (Pa. 2000) (table). On November 29, 2000, Cullison filed a *pro se* petition under the Post Conviction Collateral Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.* On April 23, 2002, the PCRA court dismissed Cullison's petition without a hearing and the Superior Court affirmed on September 16, 2003. *Commonwealth v. Cullison*, 835 A.2d 829 (Pa. Super. 2003) (table). The Pennsylvania Supreme Court denied allocatur on February 20, 20004. *Commonwealth v. Cullison*, 844 A.2d 551 (Pa. 2004) (table). Cullison filed this petition for writ of habeas corpus on November 18, 2004.

Cullison's petition is timely because a state prisoner has one year after his judgment of sentence becomes final to file a petition for writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, codified in relevant part at 28 U.S.C. §§ 2241-55. A properly filed state petition tolls the one-year limitation of AEDPA. 28 U.S.C. § 2244(d).[1] Cullison's judgment of sentence became final on November 5, 2000, ninety

---

[1]Section 2244(d)(1) provides:
> A 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment for filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the

days after the Pennsylvania Supreme Court denied his petition for direct appeal. Only twenty-four days of the AEDPA's 365 days ran before Cullison filed his PCRA petition. Another 272 days expired from the date the state supreme court refused to hear his appeal from the denial of his PCRA until Cullison filed his timely habeas petition.

In his petition, Cullison argued his arrest was unlawful, he was denied an opportunity to confront one of the witnesses against him, he received ineffective assistance of counsel for failing to object to the prosecutor's closing argument, he was denied appellate rights, and he received ineffective assistance of appellate counsel. Magistrate Judge Scuderi properly found Cullison's first claim under the Fourth Amendment to have been fully and fairly litigated in state court and, therefore, not cognizable under a habeas petition.[2] *Stone v. Powell,* 428 U.S. 465, 494 (1976); *Deputy v. Taylor,* 19 F.3d 1485, 1491 (3d Cir. 1994).

Cullison's second claim, that the failure of one of the robbery victims to testify at trial deprived him of his Sixth Amendment right of confrontation, is procedurally defaulted by his failure to raise it on direct appeal. On direct appeal, Cullison framed the claim as one brought on sufficiency of the evidence. The Superior Court held the evidence was sufficient to convict Cullison

---

Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[2]The claim is sufficiently close to the claim Cullison advanced on direct appeal regarding a defective warrant – in both instances Cullison alleges a police officer materially misstated the source of his information about Cullison's participation – to be previously litigated in state court. If the claims are not identical then Cullison presents an unexhausted claim, contrary to the habeas statute. 28 U.S.C. § 2254(a). If they are not identical, this Court may excuse a futile return to state court under 28 U.S.C. § 2254(b)(1). A new PCRA petition would be time-barred. 42 Pa.C.S. § 9545(b)(1). This Court may excuse procedural defaults on a showing of cause and prejudice. *Coleman v. Taylor,* 501 U.S. 722, 750 (1990). Cullison has shown no prejudice because two informants identified him to police before his arrest, giving authorities ample probable cause on which to issue a warrant.

of robbery without the witness's testimony. Cullison has failed to show cause and prejudice sufficient for this Court to consider the merits of the procedurally defaulted claim. *Coleman v. Taylor,* 501 U.S. 722, 750 (1990).

Cullison raised his third claim – the ineffectiveness of trial counsel – in his PCRA petition but abandoned it on appeal. When Cullison failed to raise the ineffective assistance of counsel claim on direct appeal,[3] he created an independent and adequate state procedural ground for denying the claim. *Harris v. Reed,* 489 U.S. 255, 262 (1989); *Johnson v. Pinchak,* 392 F.3d 551, 556 (3d Cir. 2004). Cullison has not proved cause and prejudice to revive the procedurally defaulted state claim.

Cullison's fourth claim, that his appeal rights were compromised, is unexhausted and absurd. He did not raise the issue in the state courts and he was afforded every appeal step available to Pennsylvania defendants in both his direct and his collateral appeals with the exception of a petition for certiorari to the U.S. Supreme Court. There is no need to address this claim further.

Cullison effectively exhausted his fifth habeas claim,[4] ineffective assistance of appellate counsel, by asserting it in his PCRA petition and in his appeal from the PCRA denial. Cullison gave the state courts a full "opportunity to pass upon and correct alleged violations of [his] federal rights." *Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998). Cullison's complaint is that he was deprived of his Sixth Amendment Right to Counsel by the ineffectiveness of his appellate counsel who failed

---

[3] Since Cullison's direct appeal, the law of *Commonwealth v. Hubbard*, 372 A.2d 687 (Pa. 1977) (holding claims of ineffective assistance of counsel must be brought at the first change of counsel), has changed. *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) (holding claims of ineffective assistance of counsel may only be brought collaterally). The holding of *Grant* is retroactive only to cases which were pending at the time or cases in which the intermediate appellate coaurt had already addressed the issues. *Commonwealth v. Bethea*, 828 A.2d 1066, 1070 (Pa. 2003). Cullison's case was governed by *Hubbard.*

[4] This claim was not addressed in the Report and Recommendation. Since the claim is baseless it would not change the recommendation.

to appeal the question of prosecutorial misconduct in closing argument. Cullison identifies four instances in which he claims the prosecutor impermissibly vouched for Commonwealth witnesses. Cullison believes his appellate counsel should have raised the question of misconduct in the prosecutor's closing when he argued the co-defendants knew who they committed the crime with and stated the co-defendants were going to serve time for their roles in the robbery. Both the PCRA court and the Superior Court found no violation when a prosecutor's vouching for his witness is "commensurate with the prior attacks upon the credibility of the Commonwealth's witnesses." *Commonwealth v. Gwaltney*, 442 A.2d 236, 240 (Pa. 1982).

This Court may grant a writ of habeas corpus only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Yarborough v. Alvarado,* 124 S. Ct. 2140, 2144 (2004). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). This Court must first decide what is the applicable, clearly established law. *Williams*, 529 U.S. at 390; *see also Williams v. Price*, 343 F.3d 223, 234 (3d Cir. 2003).

Cullison is arguing the two state courts unreasonably concluded failure to raise the issue was not ineffective assistance of counsel because the prosecutor's arguments fell within the range of allowable vigor and no counsel is required to raise a baseless claim. *Commonwealth v. Wilkerson*, 416 A.2d 477, 479 (Pa. 1980). The state courts correctly identified the applicable federal law, the Sixth Amendment right to counsel requires competent counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show counsel's performance was deficient, without strategic or

reasonable basis, and the deficiency prejudiced the defendant. *Strickland*, 466 U.S. at 697.

This Court's next inquiry is whether the state courts reasonably applied that principle to Cullison's claim of ineffective assistance of appellate counsel. *Williams*, 529 U.S. at 413. Both courts found the prosecutor's arguments within the realm of vigorous advocacy; thus, raising the claim on direct appeal would have been futile. Effective assistance of counsel does not include raising baseless claims. Therefore, the state courts reasonably applied the clearly established federal law. Cullison is not entitled to relief on any of his claims.

Cullison raises three objections to the Report and Recommendation: the failure to grant a new trial, the failure to grant an evidentiary hearing, and the failure to remand the case for exhaustion. Cullison's first objection fails because, as we have seen, none of his grounds would warrant the grant of his writ.

The decision whether to hold an evidentiary hearing on a writ of habeas corpus is discretionary with the court. R. Governing Section 2254 Cases in U.S. Dist. Cts. 8. As directed by the Rule, I have reviewed "the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." *Id.* Since I find no factual question which could be resolved through a hearing, I decline to grant a hearing.

This Court is without authority to grant Cullison's third objection, in which he asks this Court to remand for exhaustion. Cullison misunderstands the foundation of a writ of habeas corpus. The "unique purpose of habeas corpus" is "to release the applicant for the writ from unlawful confinement." *Allen v. McCurry,* 449 U.S. 90, 98 n.12 (1980). This Court is without authority to grant a new trial or remand for exhaustion. This Court may only deny or grant the writ. When a writ is granted, this Court may impose delaying conditions but may not change a state court judgment.

6

*Henderson v. Frank,* 155 F.3d 159, 168 (3d Cir. 1998). Since Cullison was unable to prove his trial was so flawed his continued imprisonment would be without foundation, this Court will deny the writ without a hearing.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY CULLISON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-5001 |
| | : | |
| SUPERINTENDENT WOLFE et al. | : | |

**ORDER**

And now this 21st day of November, 2005, it is hereby ORDERED:

- The Report and Recommendation of Magistrate Judge Scuderi is ADOPTED;

- Petitioner's objections are OVERRULED;

- The Petition for Writ of Habeas Corpus is DENIED; and,

- No certificate of appealability will issue.

BY THE COURT:

\s\ Juan R.Sánchez
Juan R. Sánchez, J.